East'n. District.
*January* 1826.

SIMMINS,
f. m. c.
*vs.*
PARKER.

Proof of emancipation by the persons who held and possessed a slave, is *prima facie* evidence, it was made by the owner.

Whether an act of sale, which *acknowledges* payment, is one of those acts which the law requires to be made double? *quere.* A *sous seing privé* act followed by execution is not null, though made single.

A partner cannot alienate real estate belonging to the firm, but he may sell the right of warranty against the vendor from whom the firm purchased.

*Aliter* if the partnership be dissolved.

The sale of a litigious right is not null and void.

The vendee's right to sue on the warranty made to him, is complete.

*SIMMINS, f. m. c.* vs. *PARKER.*

APPEAL from the court of the first district.

PORTER, J., delivered the opinion of the court. The plaintiff sues for his freedom in virtue of an act of emancipation of his former owners, Levi Rose and Mary Rose, made in the state of Kentucky in the year 1804, to take effect in the year 1823.

The defendant pleaded that he had purchased the petitioner from W. & N. Wyer as a slave for life, that he did not know whether the allegations of the plaintiff were true or not, but required proof of them. And further, that he had bought of his vendors their right of warranty against a certain John Hewlitt, from whom they had purchased, and prayed that he might be cited in warranty, and condemned to pay the sum of $1,000, the price given Wyer for the slave.

Hewlitt appeared, and answered to the the original petition, by a general denial of all the allegations therein contained: and further prayed, that one Greene, from whom he had bought, and John H. Holland, who had joined Greene in the sale, should be cited in

warranty, and in case they failed to sustain their title to the slave, they should be condemned to pay the respondent the sum of $1,000, with damages, interest, and costs.

Holland, thus made a party, pleaded the general issue, not only to the demand of the petitioner, but to the allegations contained in the answer of the defendant and in that of Hewlitt, so far as they went to throw the responsibility on him; and in addition to this defence, he averred that the act of emancipation was fraudulent, and that Parker, the defendant, at the time he purchased the plaintiff, knew of his claim for freedom, and therefore had lost his right to the action of warranty.

The cause was submitted to a jury in the court below, who found for the plaintiff, and assessed his value at $600.

On this verdict the court below gave judgment against the defendant, and decreed that he should recover of Wyer the sum of $600, the price paid for the slave; that Wyer recover of Hewlitt the same sum; and that Holland should pay Hewlitt $600, with costs of suit.

From this judgment Holland appealed.

East'n. District.
*January* 1826.

SIMMINS,
f. m. c.
*vs.*
PARKER.

moment the person to whom he sells is evicted.

SIMMINS,
f. m. c.
*vs.*
PARKER.

The first question presented for our decision arises on a bill of exceptions, taken to the opinion of the judge *a quo*, admitting in evidence the act of emancipation, and the will under which the person granting it, held the plaintiff.

The act of emancipation appears to the court to have been proved by authentication, exactly pursuing the directions of the act of congress. The clerk of Mercer county certifies it is a true copy, from the record in his office. The presiding justice of the peace certifies, that the person who gives this certificate is clerk, and that it is in due form; and the clerk certifies, under the seal of office, that the presiding judge, Maccoun, has been duly commissioned and qualified. *Act of Congress*, March 1804. *Ingersoll's Digest*, (ed. 1825) 299.

The proof of the will is contended to be incomplete, because the magistrate who certifies states, that he is the eldest, not the presiding justice of the court. Admitting this objection to be valid, we are of opinion there is sufficient evidence to support the verdict without it. It is proved, by testimony to which no objection was made, that the act of emancipation was passed by the persons who

at that time held and possessed the plaintiff East'n. District
*January* 1826.

SIMMINS,
f. m. c.
*vs.*
PARKER. as a slave. If this were not sufficient to put the defendant on the proof of a better title, the will would not aid it. The same objection might still be made, that the person who bequeathed had no right to the plaintiff, and if that objection were removed, it might be renewed to the title of him from whom the testator acquired, and so on until the petitioner and his ancestors were traced to Africa; unless the laws of the country where the master resided conferred a title by prescription. We deem it sufficient to throw the *onus probandi* on the defendants in an action of this kind, that the plaintiff was emancipated by those who had him in possession as a slave. If the *fact* of emancipation, by the persons mentioned in the petition, was doubtful, and we thought the evidence had produced any effect in inducing the jury to find it, we should remand the case; but believing it could not, we consider it our duty to examine the cause on its merits, unless the second bill of exceptions be found of more weight than that just examined. *Caulker* vs. *Banks, vol* 3, 541.

It was taken to the introduction of an act, *sous seing privé* purporting to be a sale from the

East'n. District. attorney in fact of Wyer, and the objection
January 1826. made and overruled was, that it was not made

SIMMINS,
f. m. c.
*vs.*
PARKER.

made and overruled was, that it was not made
double, and that no mention was made thereof
in the instrument.

The bill of sale acknowledges the receipt
of the purchase money, it may therefore be
well doubted whether it was one of those acts
which the law required to be made double.
Synallagmatic contracts are those where the
contracting parties reciprocally obligate them-
selves to each other. The buyer who pays
the price and receives the object, may, per-
haps, be said to come under no further obliga-
tion to the seller; and, that therefore it is suf-
ficient if the act be single, because the pur-
chaser alone is interested in preserving the
evidence of his acquisition, and securing his
right of warranty. But waving this question,
and admitting the act to be such as the law re-
quires to be made double, we have more than
once decided, that this defect did not render it
null; and, that although made single, it was still
good as a commencement of proof in writing.
On this principle the instrument offered was
properly received here, for the other evidence
in the cause shows the contract was executed,
by the delivery of the object sold. *Toullier*,

East'n District.
*January*, 1826.

SIMMINS,
f. m. c.
*vs.*
PARKER.

*Droit Civil Français, vol.* 8, *cap.* 6, *sec.* 1, *no.* 321.

It has been contended that the act of emancipation is null and void, because the formalities directed by our law, for conferring freedom on slaves, have not been pursued; and we have been referred to repeated decisions in this court, where it has been declared, that if the law of a foreign country was not shown to us, we should decide the case on our own. If it became important, in the present instance, to enter into this question, it would be worthy of consideration if the principle invoked applied to a case of this kind. But the act of emancipation was passed previous to the enactment of our statute, and it pursued the laws of Kentucky, where the parties resided, and the instrument was recorded.

The remaining questions in the cause arise, in ascertaining the rights of the defendant; and the appellant, who is cited in warranty.

The first objection to the correctness of the judgment appealed from, is, that Parker, the defendant, cannot recover of Hewlitt, without showing that he is in the right of warranty of Wyer, to whom Hewlitt sold, and that no proof has been made of that fact.

East'n. District.
*January*, 1826.

SIMMINS,
f. m. c.
*vs.*
PARKER.

The evidence on which the defendant relies in support of it, is contained in a bill of sale made by the attorney in fact of William Wyer, one of the partners in the house of William & N. Wyer, merchants.

It is contended that this is insufficient, as one partner could not alienate real estate belonging to the firm : that the sale could have no greater effect than transferring the right which the vendor had in it.

This position is well taken. The principle was settled by this court in the case of *Packwood* vs. *Richardson*, after as much consideration as we bestow on any case. *Vol.* 1, 290.

But on the other side it is urged that although the partner could not alienate the real estate, he might legally sell the right of warranty against the vendor from whom the firm purchased, and that this was done in the instance before us in express terms.

This would be perhaps correct, in case the partnership was in existence at the time of the sale ; but it is admitted one of the partners was dead at the time the conveyance was made from the other to the defendant ; and consequently the partnership was dissolved, as no stipulation has been proved to have ex-

isted between them, which would take the case out of the ordinary rule. *Civil Code*, 400, *art.* 50.

East'n. District,
*January* 1826.

SIMMINS,
f. m. c.
*vs.*
PARKER.

Considering it then as at an end, we think the power of the surviving partner to alienate the property belonging to it, whether moveable or immoveable, ceased with the dissolution; that the heirs of the deceased became joint owners of the common property; and that the utmost effect that can be given to a transfer, such as that before us, is to consider it as disposing of all the right which the vendor had in the thing sold. *Civil Code*, 400, *art.* 60; 11 *Martin*, 460; *Vol.* 1, 370; *Pothier, Contrat de Société, nos.* 144 *and* 155.

We therefore conclude, that only half the right of warranty of W. & N. Wyer was transferred to Parker, the defendant, and to that extent only has he a right to exercise it against Hewlitt their vendor.

It is however objected, that he cannot have an action for even that portion, because he purchased the slave *pendente lite*, with a knowledge of the suit, and that he is therefore the buyer of a litigious right, to whom the law refuses an action.

In support of this position, we have been

(VOL. IV. N. S.)          27

East'n. District.
January 1826.

SIMMINS,
f. m. c.
vs.
PARKER.

referred to a law of the *Partidas,* which declares the sale of a litigious right, null and of no effect. We think this law repealed by the provision of the Civil Code, which declares, that the person against whom a litigious right is transferred, may get discharged, by paying the transferree the real price of the transfer, together with interest from the date. It is said this provision may well stand with the other, that it is only conferring, in addition to the right of pleading, the nullity, the further means of getting rid of the engagement by paying the amount for which the transferree acquired it. This reasoning is much too refined to authorise its adoption by the court. In our understanding, the provision in our code is not only different from the Spanish law, but contrary to it. It is a clear recognition, by the legislature, that the act is not null, for if it were null, it could have *no effect.* But in declaring the mode of payment by which the debtor may be discharged, they admit that *it has effect.* Under any other idea the enactment was without object. *Lex neminem cogit ad vana. Part.* 3, *tit.* 7, *law* 13 ; *Civil Code,* 368 *and* 131.

It now only remains to inquire, for what sum judgment should be given against the

different persons cited in warranty. The law
declares that the buyer when evicted, has a
right to claim against the seller. 1st. The re-
stitution of the price. 2d. That of the fruits
when he is obliged to return them to the
owner who evicts him. 3d. The costs of the
suits he has sustained ; and lastly, the dama-
ges he has suffered above the price. It fur-
ther provides, that in case the thing sold has
risen in value, without the buyer having con-
tributed thereto, the seller is bound to pay him
the amount of said augmentation of value
above the price of the sale.—*Civil Code* 354,
*art. 54 and 57.*

In applying these principles to this case, our
first enquiry is, in relation to the rights of
the posessor who is evicted, against his ven-
dor.

According to the evidence, he paid $600
for the petitioner. There is no evidence the
property had increased in value at the time of
eviction, consequently he is entitled to reco-
ver that sum from the person, who sold to him.

But he has not called in warranty his ven-
dor, but in virtue of the assignment made to
him, the person from whom his vendor pur-
chased ; and he contends, he is entitled to

East'n. District,
*January* 1826.

SIMMINS,
f. m. c.
*vs.*
PARKER.

recover every thing from Hewlitt, that his vendor could ; that is the one half of $1000.

We think he has this right. The assignment of the warranty transferred all the right which the seller had in it. He could have recovered this sum, for the circumstance of the object having fallen in value, does not prevent the buyer recovering the price paid by him. *Civil Code* 354, *art*. 56.

The amount then which Parker should recover of Hewlitt, is one half of the right of W. & N. Wyer in a claim for $1000, that being the portion which one of the partners could legally transfer.

To what extent Hewlitt can exercise his right of warranty against Holland, the appellant, is the remaining question ; and the solution of it depends, on whether the intermediate vendee can sue his vendors, before the person to whom he, the vendee, sold, has brought an action and recovered.

This subject received from us a particular examination in the case of *Goodwin's heirs*, vs. *Chesneau*. We there held the vendee's right to sue on his warranty, was complete, the moment the person to whom he sold was evicted. We refer to that case, and the authorities there

cited for the grounds of our decision on this point.  *Vol.* 3, 422.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the plaintiff do recover of the defendant, and that the said plaintiff enjoy his freedom in the same manner as if born free.  And it is also ordered, adjudged and decreed, that the defendant Parker do recover of Hewlitt, cited in warranty, the sum of $500; and that Hewlitt do recover of J. H. Holland, the appellant, the sum of $1000 with costs in the court below, the appellee paying those of appeal.

*Preston* for the plaintiff, *Hennen* for the defendant.